# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Wendell R. Jones,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 08-340 ADM/AJB

_____

Chris S. Wilton, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

Wendell R. Jones, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Wendell R. Jones's ("Jones") Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 18]. On January 29, 2009, Jones pleaded guilty to an Indictment [Docket No. 1] charging him with possession of cocaine base ("crack"), a controlled substance, in violation of 28 U.S.C. § 841(a)(1) and (b)(1)(A). At sentencing on July 9, 2009, the Court determined Jones's base offense level to be 30. Three levels were subtracted for acceptance of responsibility, but two levels were added for reckless endangerment, resulting in an adjusted offense level of 29. With a criminal history category of IV, the advisory guidelines range was determined to be 121 to 151 months in prison, and the Court sentenced Jones to 132 months, to be followed by five years of supervised release. On May 28, 2010, Jones filed the current Motion under § 3582, arguing that Amendment 706 to the Sentencing Guidelines entitles him to a reduction of his sentence. For the reasons set forth below, Jones's motion is denied.

## II. DISCUSSION

A district court may reduce a defendant's term of imprisonment if that sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 28 U.S.C. § 3582(c)(2). United States Sentencing Commission, Guidelines Manual, § 1B1.10 permits courts to reduce certain crack-based sentences using § 3582(c)(2) if Amendment 706 lowered the applicable advisory range. Amendment 706 revised the guidelines by changing the quantity of crack that triggers a base offense level of 30 from "at least 35 G but less than 50 G" to "at least 50 G but less than 150 G." Id., § 2D1.1(c)(5). If Amendment 706 "does not have the effect of lowering the defendant's applicable guideline range," a reduction of that defendant's sentence is not authorized. Id., § 1B1.10(a)(2)(B).

Jones's reliance on Amendment 706 in support of his Motion is improper because Amendment 706 was not enacted *subsequent* to the imposition of his sentence. When the Court sentenced Jones on July 9, 2009, Amendment 706 had already been in effect for nearly one-and-a-half years, since November 1, 2007. The law is clear that judges may not modify a sentence under 18 U.S.C. § 3582(c)(2) unless a base-offense range of the guidelines is amended *after* the sentence is imposed.

In addition, Jones's base-offense level of 30 was appropriately determined under the guidelines as modified by Amendment 706. The quantity of crack Jones possessed, 88 grams, places him squarely within the 50 grams to 150 grams range established by Amendment 706 as calling for a base offense level of 30. Simply put, Jones has already received the benefit of the changes Amendment 706 effected to the guidelines.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Jones's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 28, 2010.