# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Wendell R. Jones,

        Defendant.

**AMENDED MEMORANDUM OPINION AND ORDER**
Criminal No. 08-340 ADM/AJB
Civil No. 10-2679 ADM

___

Chris S. Wilton, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

Wendell R. Jones, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Wendell R. Jones' ("Jones") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 22] ("2255 Motion"). For the reasons set forth herein, Jones' 2255 Motion is denied.

## II. BACKGROUND

On August 27, 2008, a police informant contacted Jones and arranged to purchase two ounces of cocaine base (also known as "crack"). PSI ¶ 7. When Jones arrived at the prearranged sale location, the police officers at the scene attempted to arrest him. Id. Jones fled the scene in his car at high-speed. Id. During the ensuing chase, Jones tossed several bags of cocaine base from the car and sideswiped an unmarked police vehicle. Id. He continued fleeing until he hit another car. Id. Jones' vehicle then careened into a parked car on the side of the street. Id. The impact sent that car into the next parked vehicle. Id. Tragically, two uninvolved bystanders caught between the two parked cars suffered injuries, one required leg amputation. Id. ¶¶ 7, 9.

After the crash, Jones was apprehended and arrested. Id. ¶ 8. Police recovered 81.46 grams of cocaine base from the scene. Id.

On January 29, 2009, Jones pled guilty to an Indictment [Docket No. 1] charging him with possession of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). At sentencing on July 9, 2009, Jones' base offense level was determined to be 30 under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). Three levels were then subtracted for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, but two levels were added for reckless endangerment pursuant to U.S.S.G. § 3C1.2. These adjustments resulted in an offense level of 29. With a criminal history category of IV, the Guidelines range was determined to be 121 to 151 months imprisonment. Jones was sentenced to 132 months, followed by five years of supervised release. On May 28, 2010, Jones filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 18], which was denied by Order dated June 28, 2010 [Docket No. 21]. The current 2255 Motion was filed the same day.

### III. DISCUSSION

#### A. Section 2255 Standard

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A prisoner is entitled to an evidentiary hearing on a 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently

2

incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

### B. Use of Federal Sentencing Guidelines

Section 2255 relief may be warranted if a court has unlawfully imposed a sentence on a criminal defendant. Neary v. United States, 998 F.2d 563, 566 (8th Cir. 1993). Courts have discretion in sentencing, but are required to consider the Guidelines. United States v. Haack, 403 F.3d 997, 1002 (8th Cir. 2005) (citing United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005)). Any sentence within the Guidelines is presumptively reasonable. Rita v. United States, 551 U.S. 338, 347 (2007).

The Guidelines work essentially on two dimensions–offense level and criminal history. In addition to considering the base offense level and criminal history, other factors may increase or decrease an offense level. For example, if the defendant accepts responsibility for his offense, the Guidelines suggest decreasing the offense level by two levels. U.S.S.G. Manual § 3E1.1(a). If the defendant accepts responsibility and helps the government avoid the costs of trial preparation by timely notifying authorities of an intent to plead guilty, the Guidelines suggest an additional decrease of one level. Id. § 3E1.1(b). On the other hand, if the defendant recklessly created a substantial risk of bodily injury to another person in the course of fleeing from a law enforcement officer, the Guidelines suggest an increase of two levels. Id. § 3C1.2. For the purposes of § 3C1.2, "reckless" means that the defendant was aware of the risk created by his conduct and the risk was of a nature and degree such that disregarding that risk was a gross deviation from the standard of care that a reasonable person would have exercised. Id. § 2A1.4.

Another consideration in the sentencing analysis is the Armed Career Offender Act (the "Act"). The Act requires a mandatory minimum 15-year sentence for career offenders, and applies to persons that have three previous convictions for violent felonies, drug offenses, or both. 18 U.S.C. § 924(e)(1).

**C. Application of Guidelines to Jones**

Jones was properly sentenced. The undisputed base offense level for Jones' offense was 30 under U.S.S.G. § 2D1.1(a)(3). Jones accepted responsibility for his offense and made a timely guilty plea, saving the government costs of litigation. Therefore, his offense level was properly decreased by three levels to 27 under U.S.S.G. § 3E1.1. Furthermore, the record is clear that Jones fled from police at high-speed. The record is clear that Jones' flight led him to sideswipe two cars and eventually crash into a parked vehicle. The record is also clear that as a result of the crash two bystanders, who were present only by happenstance, were injured, including a severe injury requiring amputation of a leg. On these facts, it is clear that Jones recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. Therefore, Jones' offense level was properly increased by two levels to 29 under U.S.S.G. § 3C1.2.

Jones argues that his offense level was improperly increased because the Minnesota state crime of fleeing a peace officer in a motor vehicle, Minn. Stat. § 609.487, is not a "violent crime" or a crime that "typically involves conduct that presents a serious potential risk of physical injury to another." Jones' argument is unpersuasive. Jones relies entirely on the law related to the Act. However, that Act was *not* applied to him. Rather, Jones' offense level was increased pursuant to the *Guidelines*. Therefore, Jones' argument that a court should analyze

4

what constitutes a "violent crime" under the Act in the abstract is entirely irrelevant. The Guidelines instruct courts to examine the particular conduct of a criminal defendant. See U.S.S.G. Manual § 1B1.3(a)(1)(A). Should that particular conduct include recklessly endangering others during flight from the police, the Guidelines suggest that a harsher sentence be imposed.

Jones was to be the seller in a deal for more than 50 grams of cocaine base. When faced with apprehension, he fled from police at high-speed rather than be arrested. In doing so, he recklessly endangered the well-being of those around him. His sentence was well within the range contemplated by the Guidelines given his offense, his criminal history, and his conduct during his arrest. Therefore, it is clear from the record that Jones' sentence was reasonable and not imposed in violation of the laws of the United States. He is entitled to no relief.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 motion differently, or that any of the issues raised in Jones' petition would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Jones' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No.22] is **DENIED**;

2. Jones was previously given until September 1, 2010 to reply to the Government's opposition memorandum by Order dated August 19, 2010 [Docket No. 30]. On August 30, 2010, the Court received Jones' Motion for Extension of Time [Docket No. 31]. This Order renders that motion moot. Accordingly, Jones' Motion for Extension of Time [Docket No. 31] is **DENIED**, and a certificate of appealability shall not issue.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 8, 2010.