**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

v.                                     **MEMORANDUM OPINION
AND ORDER**

Wendell Raymone Jones,              Criminal No. 08-340 ADM/AJB

        Defendant.

---

Andrew Dunne, Esq., United States Attorney's Office, Minneapolis, MN, for Plaintiff.

Katherine Menendez, Esq., Office of the Federal Defender, Minneapolis, MN, for Defendant

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Court Judge for a ruling on Wendell Raymone Jones' ("Jones") Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) [Docket No. 44] ("Motion").  The Government has filed a Response to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c) [Docket No. 47] ("Response").  For the reasons set forth below, Jones' Motion is denied.

## II.  BACKGROUND

On January 29, 2009, Jones pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base.  Plea Agreement [Docket No. 10].  Jones' offense was subject to a statutory mandatory minimum sentence of 120 months of imprisonment under 21 U.S.C. § 841(b)(1)(A).  The base offense level for this charge was 30, and Jones received a three-level reduction under United States Sentencing Guideline ("U.S.S.G.") § 3E1.1 for "acceptance of responsibility."  Jones also received a two-level enhancement under U.S.S.G. § 3C1.2 for

"reckless endangerment during flight" for his high-speed flight from police, during which he sideswiped an unmarked police vehicle, threw cocaine base out his car window, and crashed into a parked car, inflicting serious injuries on two bystanders, causing one of them to require a leg amputation.  See Am. Mem. Op. & Order [Docket No. 33] 1–2.  The applicable guidelines range for Jones' offense was 121 to 151 months' imprisonment.  June 28, 2010 Order [Docket No. 21].

On July 9, 2009, Jones was sentenced to 132 months' imprisonment, followed by five years of supervised release, an upward departure from the mandatory statutory minimum and from the minimum guidelines range.  Sentencing Judgment [Docket No. 17].  Jones now moves for a sentence reduction under the amended cocaine base guidelines.

### III.  DISCUSSION

Under 18 U.S.C. § 3582(c)(2), a prison sentence may be reduced if the United States Sentencing Commission has subsequently lowered the sentencing range.  On November 1, 2011, the Sentencing Commission amended its Policy Statement § 1B1.10 and lowered the base offense levels applicable for offenses involving cocaine base.  This amendment has retroactive application, but it is limited here because Jones is subject to a statutory mandatory minimum sentence.  U.S.S.G. § 5G1.1(c)(2) further states than an imposed sentence cannot be "less than any statutorily required minimum sentence."

At the time Jones committed the offense, the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) for violations involving 50 or more grams of cocaine base was 120 months of imprisonment.  The Fair Sentencing Act of 2010 ("FSA") has increased the quantity of cocaine base that is required to trigger the mandatory ten-year sentence from 50 grams to 280

grams. Fair Sentencing Act of 2010 § 2(a)(1). The result of these changes is a reduction in the cocaine sentencing guidelines and an elimination of the mandatory minimum sentence for simple possession. Id. §§ 2–3. However, the FSA is not retroactive because it does not expressly state so. United States v. Sidney, 648 F.3d 904, 906 (8th Cir. 2011). Consequently, the general savings statute, 1 U.S.C. § 109, requires the court to apply the penalties "in place at the time the crime was committed." Id.; see also United States v. Smith, 632 F.3d 1043, 1047–48 (8th Cir. 2011).

The amendments to the Sentencing Guidelines in U.S.S.G. § 2D1.1, which became retroactive on November 1, 2011, impact Jones' sentencing range by lowering the guidelines range for his offense; the statutory minimum sentence, however, is not retroactive without express Congressional action and thus applies. Since Congress has not made the FSA retroactive, the statutory minimum sentence in force when Jones committed the offense applies here and requires the imposition of no less than 120 months' imprisonment. Therefore, Jones is eligible only for a sentence reduction under 18 U.S.C. § 3582(c)(2) or U.S.S.G. § 2D1.1 down to the statutory mandatory minimum of 120 months.

However, this Court has already imposed a sentence above the statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(A) and above the minimum guidelines range at the time Jones was sentenced. Moreover, this Court upheld that determination on Jones' 28 U.S.C. § 2255 motion on September 8, 2010. Am. Mem. Op. & Order. In considering a motion for sentence reduction, the court must first determine the amended guideline range and the sentence it would have imposed had the amended guideline range applied. United States v. Hasan, 245 F.3d 682, 684–85 (8th Cir. 2001). Additionally, the court must then decide whether to exercise

its discretion, considering the factors in 18 U.S.C. § 3553(a) which include "the nature and circumstances of the offense." Id. § 3553(a)(1); see Hasan at 685. Given the circumstances surrounding Jones' cocaine base conviction, particularly the high-speed chase, the endangerment of police officers, and the severe injuries to bystanders, the Court declines to exercise its discretion to reduce his sentence. In this Court's judgment, a sentence of 132 months is just and fair under the totality of the circumstances. Accordingly, the motion is denied.

### III.  CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jones' Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) [Docket No. 44] is **DENIED.**

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 5, 2012.